**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MIKE KASSABJI,

    Plaintiff,

    v.                                                       No. CIV 13-0584 RB/ACT

THE STATE OF NEW MEXICO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff was incarcerated when he filed the complaint, and he appears pro se. He has moved for leave to proceed under § 1915 (Docs. 4, 10). For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff was incarcerated when he filed his complaint and has since been released. He alleges that he had been incarcerated for 6½ years under state misdemeanor convictions on a number of charges. The complaint alleges that Plaintiff was confined beyond the sentence that the New Mexico court imposed on him. The complaint seeks unspecified relief and punitive damages.

No relief is available on Plaintiff's allegations, which appear to call into question the constitutionality of his confinement. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a person may not challenge the constitutionality of a conviction in a suit for damages under 42 U.S.C. § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481-82. Here, Plaintiff does not challenge his conviction or sentence but alleges that "the State of NM kept me in prison unduly, beyond my release time, for at least nine month [sic]." This assertion implicates the rule in *Heck*. *See Paige v. Okla. Dep't of Corr.*, No. CIV-06-1057-C, 2007 WL 1139822, at *4 n.8 (W.D. Okla. Apr. 17, 2007) (noting that *Heck* applies if "a ruling would affect the validity of the plaintiff's confinement.") (citing *English v. Ghee*, 13 F. App'x 306, 307-08 (6th Cir. 2001) (applying *Heck* to claims against postjudgment revised parole guidelines)).

Plaintiff's claims are barred by the *Heck* rule even though he has been released, because he was in custody at time of filing his § 1983 complaint. *See Wingo v. Mullins*, 400 F. App'x 344, 347 n.3 (10th Cir. 2010). As the Supreme Court stated in *Heck*,

> [I]n order to recover damages for allegedly unconstitutional . . . imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983.

*Heck* at 486-887; *and see Carbajal v. Hotsenpiller*, No. 12-1379, 2013 WL 1731272, at *1 (10th Cir. Apr. 23, 2013) ("We also reject [Plaintiff]'s assertion that *Heck* is inapplicable because he can no longer seek habeas relief, having been released from custody for the convictions at issue."). Because Plaintiff was simply released at the end of his sentence and makes no allegation that he successfully challenged the duration of his incarceration, his complaint fails to state a cognizable claim under § 1983. The Court will dismiss Plaintiff's complaint without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that a plaintiff who overturns conviction may then bring § 1983 action).

In addition to his complaint, Plaintiff has filed a number of petitions and motions. The Court has reviewed these filings and concludes that they merely reiterate matters raised in Plaintiff's various habeas corpus proceedings and other civil actions adjudicated by this Court. Pending petitions and motions will be denied as moot, and the action will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Docs. 4, 10) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice, pending petitions and motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE